Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

Del Rio Division

APR 01 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

Case No. **DR22CV0016**

*(to be filled in by the Clerk's Office)*

|  |  |
|---|---|
| Lawrence Houston Hobbs Pro Se | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Angela K. Stevens
Defendant 2 John Doe
Defendant 3 Jane Doe
Defendant 4 John Doe

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Lawrence Houston Hobbs |
| Street Address | PO Box 1880 |
| City and County | Canyon Lake, Comal County |
| State and Zip Code | Texas 78133 |
| Telephone Number | 830-313-3591 |
| E-mail Address | bolsadogmphx@gmail.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.**    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Angela K. Stevens |
| Job or Title *(if known)* | Senior Special Agent, US Dept. Interior, (BLM-OLES-OPR) |
| Street Address | One Central Ave Suite 800 |
| City and County | City of Phoenix County of Maricopa |
| State and Zip Code | Arizona 85004-4427 |
| Telephone Number | (602)417-9316-office/(602)721-4425-cellular |
| E-mail Address *(if known)* | akstevens@blm.gov |

Defendant No. 2

| | |
|---|---|
| Name | Defendant 2 John/Jane Doe |
| Job or Title *(if known)* | TBD |
| Street Address | TBD |
| City and County | TBD |
| State and Zip Code | TBD |
| Telephone Number | TBD |
| E-mail Address *(if known)* | TBD |

Defendant No. 3

| | |
|---|---|
| Name | Defendant 3 John/Jane Doe |
| Job or Title *(if known)* | TBD |
| Street Address | TBD |
| City and County | TBD |
| State and Zip Code | TBD |
| Telephone Number | TBD |
| E-mail Address *(if known)* | TBD |

Defendant No. 4

| | |
|---|---|
| Name | Defendant 4 John/Jane Doe |
| Job or Title *(if known)* | TBD |
| Street Address | TBD |
| City and County | TBD |
| State and Zip Code | TBD |
| Telephone Number | TBD |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)*     TBD

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The United States Constitution, Amendments I, IV, V, VI and XIV; 18 U.S. Code § 1621, 18 U.S.C., § 242, 18 U.S.C. 371, 5 U.S. Code § 3331, 42 U.S. Code § 1985 (2) and (3), 25 CFR § 11.406(a)(2) and (3), Public Law 105-264; United States Code (U.S.C.), 5 U.S.C. § 2951, 5 U.S.C. § 5701 - § 5709, 15 U.S.C. § 1644, 18 U.S.C. § 641, 18 U.S.C. § 3500 and 31 U.S.C.; United States Code of Federal Regulations (C.F.R.), 5 C.F.R § 9.2, 5 CFR 315.501, 41 C.F.R. Chapters 300 – 305; Civil Service Rule IX; USDOI 347 DM 1, USDOI-DM 446, Chapter 2, §2.6 (E), As asserted in the attached Complaint

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*   N/A _____ , is a citizen of the

State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*   N/A _____ , is incorporated

under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

The defendant, *(name)*   N/A _____ , is a citizen of
the State of *(name)* _____ . Or is a citizen of
*(foreign nation)* _____ .

b.   If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under
the laws of the State of *(name)* _____ , and has its
principal place of business in the State of *(name)* _____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

N/A Not a Diversity of Citizenship

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

See attached Complaint, presented in short form and long forms

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Wherefore, Plaintiff respectfully requests:
A. Compensatory damages as to all defendants;
B. Punitive damages as to all defendants;
C. Reasonable attorneys' fees and costs as to all defendants;
D. Such other and further relief as may appear just and appropriate.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          04/01/2022

Signature of Plaintiff       "s/s" Lawrence H. Hobbs signed electronically
Printed Name of Plaintiff    Lawrence H. Hobbs

### B.    For Attorneys

Date of signing:

Signature of Attorney       N/A
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Attachment 1 - Civil Complaint

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## <u>Del Rio</u>       DIVISION

**Lawrence Houston Hobbs**
<br>(Enter your full name)
<br>           Plaintiff(s)

CASE NUMBER: _____
<br>                 (Supplied by Clerk's Office)

Angela K. Stevens and John/Jane Doe(s)
<br>  (Enter full name of each Defendant)
<br>          Defendant(s)

## COMPLAINT

1) TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW the Plaintiff, LAWRENCE HOUSTON HOBBS, Pro Se, and presents before this bar and requesting to proceed, "*In Forma Pauperis*" (IFP), this instant complaint herein after referred to as "This Complaint" and residing within the State of Texas, County of Comal, unincorporated rural area identified as Canyon Lake, with his contact information as:

   P.O. Box 1880/1300 FM 2673
   <br>Canyon Lake, TX
   <br>78133-9998
   <br>PH: 830-313-3591
   <br>EMAIL: Bolsadogmphx@gmail.com

2) Defendant, Angela K. Stevens, was at all relevant times, as a Federal employee, US Dept. Interior, Bureau of Land Management (BLM, under the title: Senior Special Agent (BLM-OLES-OPR) and employed at her "Federal Duty Station", located in the Federal Judicial District of Arizona (D. Ariz.), within the County of Maricopa, and the City of Phoenix, with a business address of One Central Ave Suite 800, City of Phoenix, County of Maricopa, Arizona 85004-4427, (602) 417-9316-office/(602) 721-4425-cellular, akstevens@blm.gov.

    a.  Pursuant to a Public Records Search, this Defendant may currently or previously been identified under one or more of the following names: Angela Lkaufman Johnston; Angela K Stevens, Angela K Lkaufman, Angie Johnston or Angela Lkaufman Johnston and held work or personal residences at:

        i.  415 S Paseo Sarta #A, Green Valley, AZ 85614, Pima County, (Sep 2020 - Feb 2022) or

       ii.  17845 S Avenida Valle Verde Del Nort Green Valley, AZ 85614, Pima County, (Jan 2011 - Oct 2017); and

    b.  Other certain Defendants' currently identified as John Does and/or Jane Does, at all relevant times, as Federal and/or State Agents, were employed and resided within the Western District of Texas; and

    c.  Other certain Defendants' currently identified as John Does and/or Jane Does, at all relevant times, as Federal and/or State Agents, were employed and resided outside the Western District of Texas; and

3) This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367; 18 U.S.C. §§ 242, 1621 and 25 CFR § 11.406(a)(2) and (3); and Venue is proper under 28 U.S.C. §1391(b), as the events giving rise to the claims asserted in this complaint, occurred within this District, and at relevant times, the Plaintiff, was a resident of Val Verde County, TX, with a personal residence in Del Rio, a city incorporated within that County; and at all times and still maintains, a U.S. Postal Box, thus an official mailing address, within said County, and said County is within the jurisdiction of this Judicial District and Division; and certain Defendant(s), as John/Jane Does, at all relevant times, were employed and residing within this Judicial District and Division, as Federal and/or State Agents, and through wire communications fraud, were able to coerce, be coerced and/or conspire with others, and thus were able to either, initiate, coordinate, accept and/or execute, within this Judicial District and Division District, the fraudulent violations asserted herein, with one or more Federal and/or State Agents, employed and residing outside this Judicial District and Division; and

4) Fourth Paragraph (Allegation 1) At least one (1) Defendant, ANGELA K. STEVENS, was at all relevant times, a duly sworn Federal Employee and Federal Law Enforcement Officer, employed by the Department of the Interior, Bureau of Land Management, herein after (DOI-BLM), who was "acting" and/or "purporting to act" under "color" of Federal and/or State law and/or asserting, she was acting within the scope of her employment to coerce, be coerced and/or to conspire with other unnamed Defendants, identified herein as either John Doe(s) or Jane Doe(s); and

5) The collective assertions made herein against the Defendants', were in violation of multiple Federal laws and the Plaintiff's First, Fourth, Fifth, Sixth and Fourteenth Amendment rights; and

6) The Defendants' executed Libelous and Slanderous statements, constituting deliberate defamation of the Plaintiff, made orally and in writing and communicated electronically, as wire fraud communication, that injured the reputation of the Plaintiff; and

7) Said Defamation was executed with the purpose to make allegations and/or imputations of certain "criminal activity"; and of certain crimes of "moral turpitude", inclusive of "sexual harassment" and "sexual discrimination"; and certain improper conduct, as a Federal employee, explicitly designed to be injurious to another, namely the Plaintiff, in his "trade, business, or profession" as a Federal employee, and/or as a former Federal employee seeking reinstatement, due to official misconduct, adverse to the Plaintiff, leading to his termination, and/or as a private citizen seeking employment outside the Federal sector; and

8) The Defendants', with malice of forethought, sought to execute a punitive, selective, vindictive, and malicious prosecution of the Plaintiff, as retaliation; and as a "chilling effect" to him and others similarly situated; and for the deliberate purpose of depriving the Plaintiff of his personal liberties and economic freedoms; and were thwarted in that effort by the Plaintiffs vigorous defense of his actual innocence; and

9) Plaintiff's constitutional rights were violated, when at least one (1) Defendant affirmed under oath, in support of a state criminal indictment, certain statements, and/or withheld, and/or

omitted, certain exculpatory and/or impeachment evidence (i.e. "Brady Materials"), from either the prosecution, the Indicting Grand Jury, and/or the Plaintiff; and

10) Plaintiff's constitutional rights were also violated when Defendants, executed the above acts, at least in part, through the use of email and telephonic correspondence, pursuant to 18 U.S. Code § 1343 - Fraud by wire, radio, or television.; and

11) It is asserted, at least one (1) Defendant, committed such acts, in his/her individual and personal capacity, acted under "color of any law", committed certain acts identified herein, without and/or beyond the bounds of his/her lawful authority, in purporting and/or pretending to act in the performance of his/her official duties, solely for the purposes of harassment, discrimination, and retaliation. Said certain acts, therefore, were a violation of, Title 18, U.S.C., Section 242, "Deprivation of Rights Under Color of Law"; and

12) It is asserted, at least two (2) Defendants, committed such acts, in his/her individual and personal capacity, and in concert with others, conspiring to act under "color of any law" of either and/or both parties, and thus pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime"; and 42 U.S. Code § 1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights", violated the Plaintiffs constitutional rights; and

13) It is collectively asserted that the following were unlawfully violated by at least one (1) or more Defendants, The United States Constitution, Amendments I, IV, V, VI and XIV; 18 U.S. Code § 1621, 18 U.S.C., § 242, 18 U.S.C. 371, 5 U.S. Code § 3331, 42 U.S. Code § 1985 (2) and (3), 25 CFR § 11.406(a)(2) and (3), Public Law 105-264; United States Code (U.S.C.), 5 U.S.C. § 2951, 5 U.S.C. § 5701 - § 5709, 15 U.S.C. § 1644, 18 U.S.C. § 641, 18 U.S.C. § 3500 and 31 U.S.C.; United States Code of Federal Regulations (C.F.R.), 5 C.F.R § 9.2, 5 CFR 315.501, 41 C.F.R. Chapters 300 – 305; Civil Service Rule IX; USDOI 347 DM 1, USDOI-DM 446, Chapter 2, §2.6 (E).

As a direct and proximate result of the Defendant(s) misconduct, Plaintiff asserts he has a cause

of action, to which he is entitled to demand a jury trial jury pursuant to Federal Rule of Civil Procedure 38(b), presenting before them, all issues so triable and by whom it shall be determined if said misconduct warrants the following damages and relief:

Wherefore, Plaintiff respectfully requests:

     A. Compensatory damages as to all defendants;

     B. Punitive damages as to all defendants;

     C. Reasonable attorneys' fees and costs as to all defendants;

     D. Such other and further relief as may appear just and appropriate.

04/01/22

"/s/" _Lawrence H. Hobbs_ signed electronically

Plaintiff, _Pro Se,_ Lawrence Houston Hobbs
P.O. Box 1880
1300 FM 2673
Canyon Lake, TX
78133-9998
PH: 830-313-3591
EMAIL: Bolsadogmphx@gmail.com

Lawrence Hobbs, and John/Jane     §     CIVIL ACTION COMPLAINT
Does,                             §
        Plaintiff(s),             §
                                  §     No. _____
v.                                §
                                  §         JURY TRIAL DEMANDED
Angela K. Stevens,                §
Senior Special Agent,             §
Office Professional Responsibility, §
Bureau of Land Management,        §
U.S. Department of the Interior;  §
and John/Jane Doe(s),             §
                                  §     Date: April 1st, 2022
        Defendants,               §
_____ §

## PLAINTIFFS "BIVENS" COMPLAINANT OF

### 04/01/22

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, LAWRENCE HOUSTON HOBBS, *Pro Se*, and presents before this

bar and requesting to proceed, "*In Forma Pauperis*" (IFP), this instant complaint herein after

referred to as "This Complaint", complaining of Defendant, ANGELA K. STEVENS, acting

individually and personally, and/or under force of coercion imposed upon her by others; and/or by

her personal and induvial use of coercion, and/or in conspiracy, with one or more, other unnamed

Defendant(s), who states and alleges his constitutional rights were violated by the Defendant

and/or Defendants, acting as "individuals" and acting "personally" and/or "purporting to act"

under "color of law", as follows:

## PARTIES, JURISDICTION AND VENUE

1)      This Complaint is an action brought forth under the United States Constitution pursuant to

an implied cause of action, as established by *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U. S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619, for the Defendants' Libelous and Slanderous statements, constituting deliberate defamation of the Plaintiff, LAWRENCE HOUSTON HOBBS, (hereinafter Plaintiff), made both orally and in writing and additionally communicated electronically, as wire fraud communication, that injured the reputation of the Plaintiff. Said Defamation was executed with the purpose to make allegations and/or imputations of certain "criminal activity"; and of certain crimes of "moral turpitude", inclusive of "sexual harassment" and "sexual discrimination"; and certain improper conduct, as a Federal employee, explicitly designed to be injurious to another, namely the Plaintiff, in his "trade, business, or profession" as a Federal employee, and/or as a former Federal employee seeking reinstatement due to official misconduct, adverse to the Plaintiff, leading to his termination, and/or as a private citizen seeking employment outside the Federal sector; and with malice of forethought, sought to execute a punitive, selective, vindictive and malicious prosecution of the Plaintiff, for the purpose of retaliation, and as a "chilling effect" intended to deter him and others similarly situated, from exercising his/their first amendment rights; and for the additional purpose of depriving the Plaintiff of his personal liberties and economic freedoms. The collective assertions made herein, were in violation of multiple Federal laws and the Plaintiff's First, Fourth, Fifth, Sixth and Fourteenth Amendment rights[1,2,3,4,5 and 6]; and

---

Footnotes: Repetitive Citations and Attributions

[1] All citations to United States Constitution are attributed to: https://constitution.congress.gov/constitution/
[2] All citations to United States Code are attributed to: https://uscode.house.gov/search/criteria.shtml
[3] All citations to United States Code of Federal regulations are attributed to: https://www.govinfo.gov/help/cfr
[4] All citations to the Texas Constitution, Statutes, Code of Criminal Procedure, Rules of Appellate Procedure, Rules of Civil Procedure, Government Code (Tex. U.C.C, Tex. Fin. Code, Bus. And Com. Code) or Penal Code, are attributed to: https://statutes.capitol.texas.gov/ (2021) and/or West (2021)
[5] Citation format predominately sourced from: https://tarlton.law.utexas.edu/bluebook-legal-citation/overview
[6] Underlined "blue text" is a hyperlink to the internet source cited; "available at:" internet address

2)    Pursuant to applicable Federal and Texas law, the false assertions of criminal activity, made by the Defendant(s), leading to the issuance of a certain Indictment, warrant for the plaintiffs arrest,

his incarceration until posting of bail, were quashed and dismissed, upon request of the 63rd Judicial District Attorney's office, and said request was granted pursuant to an Order to Quash and Dismiss, issued by the presiding Judge of the 63rd, District Judicial Court, Val Verde County, Texas, on or about, November 12th, 2021; and

3)      Pursuant to Texas Code of Criminal Procedure (Tex. C. Crim Pro.), Chapter 55, and by motions submitted to the 63rd Judicial Court, Val Verde County TX, to Expunge Records pertinent to that criminal action, namely (*State of Texas v. Hobbs* (2020-0254-CR November 2021), records identified within said motion, have and/or shall be expunged by State and Federal Law Enforcement entities, notified pursuant to Plaintiff's notice(s) and Judges Orders; and

4)      This Court has jurisdiction of the action pursuant to <u>28 U.S.C. §§ 1331</u>, <u>1343</u> and <u>1367</u>; <u>18 U.S.C. §§ 242</u>, <u>1621</u> and <u>25 CFR § 11.406(a)(2) and (3)</u>; and

5)      Venue is proper under <u>28 U.S.C. §1391(b)</u>, as the events giving rise to the claims asserted in This Complaint, predominately occurred within this District, and for at least a portion of the applicable time period, aka certain relevant times, the Plaintiff, was at least a temporary resident of Val Verde County TX, with a personal residence in Del Rio, a city incorporated within that County; and Plaintiff concurrently had, and still maintains, a U.S. Postal Box, thus an official mailing address, within said County, and said County is within the jurisdiction of this Court; and

6)      A certain named Defendant, Angela K. Stevens, at all relevant times, as Federal Agent, was able to coerce and/or conspire, in person and through wire communications fraud with, one or

more Federal and/or State Agents, residing within the Western District of Texas, Del Rio Division; and

7)      Certain named and unnamed Defendants', were able to be coerced, and/or individually and personally, coerced and conspire with, one or more Federal and/or State Agents, residing in any other court of jurisdiction, at the Federal, State or local County or Municipal level, and therefore their actions in their individual and personal capacity, was and/or were acting under color of federal and/or state law, and/or asserting he or she, was acting within the scope of his or her employment; and

    a. Said other Federal "agents" was potentially inclusive of

        i. Department of Justice (DOJ), attorneys serving the Eastern Judicial District of Wisconsin, and the Western District of Texas; and potentially inclusive of

        ii. Department of Defense (DOD), Department of the Airforce (DOD-USAF), Office of Special Investigations (OSI) by and through agents assigned to Laughlin AFB TX; and potentially inclusive of

        iii. Department of the Interior, Office of the Solicitor, Employment Law division; and potentially inclusive of

        iv. Department of the Interior, Bureau of Land Management, Office of Law Enforcement and Security (OLES), Office of Professional Responsibility (OPR); and potentially inclusive of

    b. Said other State "agents" was potentially inclusive of

        i. Agents of the County of Valverde Texas inclusive of:

1. Current Officials of the District Attorney's Office, 63rd Judicial District, Del Rio Texas, Val Verde County TX; and potentially inclusive of

2. Previous Officials of the District Attorney's Office, 63rd Judicial District, and now serving as the presiding Judge for the 63rd Judicial District Court, Val Verde County TX.

8)      Defendant(s) employers, as governmental agencies, at the Federal, State and Local level, were directly imputed agency liability, through certain identified and unidentified, "agents" of said agencies, as at relevant times, said "agents" were able to coerce and conspire with, one or more Federal and/or State Agents, residing within the Western District of Texas, and through wire communications fraud, were able to coerce and conspire with, one or more Federal and/or State Agents, residing in any other court of jurisdiction, at the Federal, State or local County or Municipal level. Therefore, their actions, as ascribed herein, within their individual and personal capacity, "were" and/or "are", acting under "color" of federal and/or state law, and/or asserting he or she, was acting within the scope of his or her employment. Thus, as he or she was, as an "alter ego" or "proxy" of said agency, due to his or her, sufficiently high ranking within that agency, and or due to his/or her special employment status, as a sworn law enforcement official and/or a sworn officer of civil, criminal or administrative "court" or "tribunal", authorized pursuant to the authority granted to that agency to hear and decide matters, pertinent to civil, criminal and administrative questions of constitutional rights and or as an agency employee sworn to up hold the Constitution of the Unted States and or any/other State Constitution; and

9)    Thus, as said Agencies have been duly provided notice of the Plaintiffs intent to file this action and other actions; and

10)    Plaintiff, was at all relevant times, as a Federal employee and/or former Federal employee, and at least employed at one "Federal Duty Station", during a relevant period of time pertinent to this action, within one or more Federal Judicial Districts, inclusive of, The Western District of Texas (W.D. Tex.), The Eastern District of California (E.D. Cal.), the District of Arizona (D. Ariz.), The District of Nevada (D. Nev.), The Eastern District of Wisconsin (E.D. Wis.), maintaining at least one personal residence and official mailing address, and a US Post Office Box, within that judicial district, during a time period pertinent to this cause, and is therefore entitled to file civil litigation in at least one of the above listed, Federal Judicial Districts and corresponding State or local, County or Municipal Court of Jurisdiction, pursuant to the applicable Federal and State law enforceable under that jurisdiction; and

11)    Plaintiff, was, at relevant times, was at least a temporary resident within the Western District of Texas, the Superior Jurisdiction to this Court, maintaining a personal residence in either, Comal County TX, or Val Verde County TX; and

12)    Plaintiff, was, at all relevant times, was at least a temporary resident within the Federal Judicial District of Eastern California (CAE), maintaining at least one personal residence and official mailing address, and a US Post Office Box, within that judicial district, in the Cities of Folsom and Sacramento, in the County of Sacramento, California; and

13)     The Defendants identified herein, also violated certain other, yet to be named plaintiffs, constitutional rights, under other Federal and State laws prohibiting discrimination, causing them certain harms to which they be entitled to relief. However, Plaintiff pro Se has no right to represent said plaintiffs, and has not yet affirmed in specificity, the co-counsel, who shall represent these plaintiffs, and it what court of jurisdiction said complaints may be filed. Therefore, for yet to be named plaintiffs, This Plaintiff, provides this Court only for purposes of notice, shall in the future, seek leave to amend, This Complaint, so as to name each additional plaintiff, and their appropriate counsel, either enjoining them into This Complaint and/or said unnamed plaintiffs, may have a separate complaint, filed on their behalf, in before this bar, and/or in another applicable court of jurisdiction; and

14)     Those certain unnamed Plaintiffs, have resided within the Federal Judicial District of Eastern California (E.D. CA), maintaining at least one personal residence and official mailing address, and a US Postal Box, within that judicial district, either in the City of Folsom, in the County of Sacramento, California and/or in the City of Davis in the County of Yolo, California; and

15)     Pursuant to Texas Civil Practice and Remedies Code, Sec. 16.002, One-year Limitations Period

    a.      A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues; and

    b.      The cause of action began to accrue upon the execution of the Order of November 12th, 2021; and

c.      Said limitations period has not expired; and

16)     As the Plaintiff was unaware of Defendant(s) actions, on or before, September 2021, the Plaintiff is entitled to bring this action, pursuant to any statute of limitations under Texas State law, as applicable to any action, with a limitation period on one-year or greater, effective September 2022, and if less or the cause of action was determined to be earlier, the Plaintiff is entitled to all forms of equitable tolling and/or equitable estopple, under said doctrines, as under the "color of law", defendants(s), deliberately obfuscated their actions, thus consistent with its inherent equitable powers, this Court is required to preclude said Defendant(s), from asserting any statute of limitations defense, where the defendant's own intentional misconduct prevented the plaintiff from timely filing suit; and the events of the COVID-19 Pandemic, would also entitle the Plaintiff additional time under equitable tolling and/or estoppel doctrines; and

17)     As it is alleged, Defendant(s) identified herein, have previously coerced and/or conspired with other Federal and State Agents, and/or still retain, the ability to coerce and/or conspire with other Federal and State Agents, to violate the Plaintiffs constitutional rights, after September 2021, inclusive of any date after this complaint is filed, would also entitle the Plaintiff additional time under equitable tolling and/or estoppel doctrines, based upon evidence obtained during discovery; and

18)     As it is alleged, other unnamed Defendants, previously have and/or currently, retain the ability to coerce and/or conspire with other Federal and/or State Agents, to violate the Plaintiffs constitutional rights, inclusive of any date prior to, and after this complaint is filed, would also entitle the Plaintiff additional time under equitable tolling and/or estoppel doctrines, until the first

and last incident, with a nexus to incidents identified herein, are fully identified, through evidence obtained in discovery, would also entitle the Plaintiff additional time under equitable tolling and/or estoppel doctrines; and

19)    At least one (1) Defendant, ANGELA K. STEVENS was at all relevant times, a duly sworn Federal employee and Federal Law Enforcement Officer, employed by the Department of the Interior, Bureau of Land Management, herein after (DOI-BLM), who was "actin" and/or "purporting to act" under "color" of federal and/or state law and/or asserting she was within the scope of her employment; and

20)    Pursuant to the findings in *Bivens*, the Defendant(s) has/have a legal obligation to pay damages and costs "individually" and "personally" to the Plaintiff(s), if it is determined that one or more Defendants, inclusive of but not limited to, Defendant, ANGELA K. STEVENS, was acting and/or purporting to act, within the scope of her employment, at material times.

21)    Pursuant to other Federal or State law, one or more of the agencies identified herein, and having received proper notice by this or another complaint, as Defendant(s) in other litigation, have a legal obligation to pay damages and costs to the Plaintiff(s), if it is determined that determined that one or more Defendants, inclusive of but not limited to, Defendant, ANGELA K. STEVENS, was "acting" and/or "purporting to act", within the scope of her employment, at material times, ***and/or*** acted in conspiracy with others, ***and/or*** said agency was negligent in preventing Defendant, ANGELA K. STEVENS, from be coerced, coercing, and/or conspiring with one or more "agents" of the agencies identified herein, leading to the violation of the Plaintiffs constitutional rights.

## I. PRELIMINARY STATEMENT

### A. Background

On or about April 18th, 2018, Plaintiff, Lawrence Houston Hobbs, contacted an Equal Employment Opportunity (EEO) Counselor of his employing federal Agency and asserted "claims" of unlawful employment discrimination and retaliation, establishing a hostile work environment claim against that Federal agency, namely the Department of the Interior (DOI), Bureau of Land Management (BLM) (herein after referred to as "DOI-BLM"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Age Discrimination in Employment Act (ADEA) of 1975.

Plaintiff subsequently filed multiple additional EEO Complaints and EEO Complaint Amendments asserting he was subjected to harassment discrimination and retaliation over an approximately seven (7) year period, which collectively established a valid hostile work environment claim.

Pursuant to that discrimination, harassment and retaliation, the Plaintiff executed a "constructive discharge", in transferring to the Department of Defense (DOD) United States Airforce (USAF), referred to herein after as DOD-USAF, with a duty location in Del Rio, Val Verde County TX. The DOI-BLM continued to discriminate, harass, and retaliate against the Plaintiff, and in violation of Plaintiffs civil rights, agents of DOI-BLM, were able to coerce and or conspire with agent of the DOD-USAF to terminate the Plaintiffs federal employment. Upon completion of the DOI-BLM EEO investigative effort, the Plaintiff properly filed a request for hearing before an

administrative judge of the Equal Employment Opportunity Commission (herein after referred to as "Commission" or "EEOC") in 2019.

On or about November 2020 the Plaintiff, Lawrence Houston Hobbs, as a formal federal employee of DOI-BLM and DOD-USAF, entered the formal administrative hearing process pursuant to 29 C.F.R. § 1614.109, as administered under the Equal Employment Opportunity Commission, herein after referred to as the "EEOC". Certain prelitigation matters were executed inclusive of discovery and submittals of pleadings and said administrative action appears to be indefinitely administratively delayed and the Plaintiff shall move to file his complaint in Federal Court. During the discovery period in question, certain "Other Federal Agents" withheld discovery evidence of certain Defendants identified herein, pertinent to **BOTH** that cause and this instant complaint.

During the ongoing dormancy of that EEOC cause, unbeknownst to the Plaintiff, he was indicted in December 2020, by a Grand Jury seated in the 63rd District Court, Val Verde County, Texas under multiple state charges of felony credit card abuse. Pursuant to that Indictment, an arrest warrant was issued for the Plaintiff, and on or about March 27th, 2021, he was arrested in the city of Austin, County of Travis, Texas and incarcerated in the Travis County Jail until his release upon personal bond of $4,000, on or About April 1st, 2021.

While incarcerated, the indictment was never physically presented to the Plaintiff and was only read verbally, through a video feed and no complaining witness was ever identified, as no such witness was identified on the face of the indictment. The Plaintiff did not receive a copy of the indictment until approximately July 7th, 2021, and said indictment was devoid of any assertion to

the complaining witness in violation of Plaintiffs due process rights under both Federal law and Texas state law.

According to a certified copy of the indictment mailed by the court clerk, via U.S. Postal Service mail, on June 28th, 2021, and received on July 7th, 2021, when the case was heard by the Grand Jury, a unidentified witness or witnesses, testified and/or their sworn testimony was presented, before the Grand Jury, presenting allegations of two (2) to four (4) counts of Credit Card Abuse, under Texas Penal Code §32.31(b). As a State Jail Felony, punishment upon conviction is defined within Texas Penal Code Sec. 12.35.(a) and (b):

(a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

Despite submitting multiple pleadings, requesting identification of the accusing witness, discovery and exculpatory evidence, the Plaintiff did not receive any discovery materials until approximately September 24th, 2021. Therefore, those certain state agents, violated the Plaintiffs constitutional rights, either unilaterally, and/or under force of coercion executed upon them by others, and/or in conspiracy with others.

Though it is factual, certain discovery and exculpatory evidence was withheld in violation of the Plaintiffs constitutional rights, within the discovery evidence provided, the Plaintiff was able to ascertain that, at least one of the certain Defendants identified herein, between at least December

2018 and December 2020, violated the Plaintiffs constitutional rights. It is asserted herein that additional communication between Federal and State Agents, occurred after December 2020, and he shall in the future, seek leave to amend, This Complaint, so as to identify any additional constitutional violations which occurred prior to or after this period, after the completion of additional discovery.

Upon notice of the indictment, Plaintiff submitted multiple motions before the bar of the 63rd Judicial District, inclusive of motions to quash as to form and substance, requesting dismissal pursuant to; failure to identify grand jury witness, failure to produce exculpatory and impeachment evidence, failure to state a claim, exception to substance of the indictment, an affirmative defense of public duty justification, a selective and vindictive prosecution, and lack of jurisdiction.

Upon submittal of Plaintiffs *Motion to Dismiss for Lack of Jurisdiction* in which the preamble asserted the following:

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, Lawrence Houston Hobbs, *Pro Se*, in the above styled and numbered cause, moves the Court, under the following authorities:

The United States Constitution[1], Amendments V, VI and XIV; *Public Law 105-264;* United States Code[2] (U.S.C.), 5 U.S.C. § 2951, 5 U.S.C. § 5701 - § 5709, 15 U.S.C. § 1644, 18 U.S.C. § 641, 18 U.S.C. § 3500 and 31 U.S.C.; United States Code of Federal Regulations[3] (C.F.R.), 5 C.F.R § 9.2, 5 CFR 315.501, 41 C.F.R. Chapters 300 – 305; Civil Service Rule IX; USDOI 347 DM 1; the Texas Constitution[4], art. I. § 3a, art. I. § 10, art. I, § 29, art.V. § 12(b), art.V. § 31; Texas Code of Criminal Procedure[4], Articles, 1.14(b), 20.20, 21.03, 21.04, 21.09, 21.11, 28.05, 28.10, 28.11, 32A.01, 32.02 and 39.14.; Texas Penal Code, §§ 1.07(a)(9), (11), (19), (26), (38), (39) and (42), 1.07(b), 8.02(a), 9.02, 9.21(a)(1), (2), 30.05 and § 32.31(a)(1), (2) and (b).[4,5,6]

Footnotes: Repetitive Citations and Attributions
[1.] All citations to United States Constitution are attributed to: https://constitution.congress.gov/constitution/
[2] All citations to United States Code are attributed to: https://uscode.house.gov/search/criteria.shtml
[3] All citations to United States Code of Federal regulations are attributed to: https://www.govinfo.gov/help/cfr
[4] All citations to the Texas Constitution, Statutes, Code of Criminal Procedure, Rules of Appellate Procedure, Rules of Civil Procedure, Government Code (Tex. U.C.C, Tex. Fin. Code, Bus. And Com. Code) or Penal Code, are attributed to: https://statutes.capitol.texas.gov/ (2021) and/or West (2021)

f. Citation format predominately sourced from: https://tarlton.law.utexas.edu/bluebook-legal-citation/overview
g. Underlined "blue text" is a hyperlink to the internet source cited; "available at:" internet address

Per the above authorities, the Defendant moves this Court to:

1) To Quash this Indictment, and dismiss this cause, against the Defendant as under Federal and Texas law, a decision to prosecute violates due process when criminal charges are brought in retaliation for the defendant's exercise of his legal rights. By Preemption, any Judge of this Court is bound to Federal law. It is the indictment and laws of Texas, providing this Court jurisdiction. It must state facts which, if proved, show a violation of Texas law. If such facts would not constitute a criminal offense under Texas law, it must be quashed and dismissed. As allegations in this instant cause were brought forth with the purpose of retaliation, and based upon false testimony, and/or deliberately omitted exculpatory evidence, this Indictment is fatally defective, under Texas Code of Criminal Procedure Article 27.08. Therefore, it does not appear therefrom that an offense against Texas law was committed by the defendant and that it contains matter which is a legal defense or bar to the prosecution. Therefore, as it violates the Defendants rights to due process and fails to properly allege an offence against the laws of Texas, thus, under Texas law, this Court lacks jurisdiction, and it must be quashed.

The Defendant respectfully requests this Court fully consider this motion, as this Indictment and the allegations supporting its findings, and the allegations contained therein, violates Defendants rights to due process inclusive of his rights to; not suffer from a selective and/or vindictive prosecution; to receive fair, particularized, and sufficient notice of the charges against him; to be adequately informed of which law applies to his case; and to confront all his accusers.

The criminal complaint and indictment are insufficient under Texas law, by this motions assertion, that the Defendant actions were valid, under his obligation to follow Federal law, as understood by him at the time of the allegations. The Defendant's conduct was in full compliance with applicable Federal law and demonstrates no violation of Texas law occurred.

Before any determination of any violation of Texas law occurred, a determination must be made, which affirms a violation of Federal law occurred. This Court lacks jurisdiction to make any such determination, that is, did the Defendant violate any Federal law.

It shall be demonstrated that the returned Indictment, falsely asserts that the Defendant, explicitly with the legally required **_knowledge and intent_** executed a criminal violation of Texas law. As the Defendant properly followed certain applicable non-criminal Federal laws, rules, regulations, policies and procedures, is **_therefore innocent_** of the allegations, and thus cannot have violated any Texas criminal law, as under the Supremacy Clause of the U.S. Constitution, Federal law prevails over state law and is binding upon any Judge in this cause. It shall also be demonstrated that this Indictment fails to meet the requirements of the Sixth Amendment of the U.S. Constitution.

It shall be demonstrated, per the common legal definitions of law, the laws of Texas and the laws of the United States, the Defendant was properly authorized use of a certain charge card. It is the accuser who has violated multiple Federal laws and laws of the State of Texas in bringing forth this accusation. It is the accuser, whom did not have, the proper authority to withhold any form of consent as the applicable laws are: *"A body of rules of conduct of binding legal force and effect, prescribed, recognized, and enforced by controlling authority."* See law. (n.d.) *West's Encyclopedia of American Law, edition 2. (2008).* Available at https://legal-dictionary.thefreedictionary.com/law

Pursuant to the Plaintiffs multiple motions, the District Attorney's Office of the 63rd District, on or about October 28th, 2021, informed the Plaintiff and the Court of jurisdiction, of the following:

> "–*based on evidence he provided within his motion not Previously known to the State, we do not contest his request to quash the indictment and do not intend to re-indict. (Emphasis added)*"

Said Office formally executed its quash dismissal request and said Court, granted said Quash and Dismissal, on or about, November 12th, 2021.

Pursuant to Texas Code of Criminal Procedure (Tex. C. Crim Pro.), Chapter 55, and by petition submitted to the 63rd Judicial Court, Val Verde County TX, to Expunge Criminal Records, records identified within said petition, have and/or shall be expunged by State and Federal Law Enforcement entities.

B. Summary Assertion of Official Misconduct of a Federal "Agent"

Plaintiff asserts Defendant, Angela K. Stevens, acting individually in her official capacity as a Federal Employee, operating under "color of law" imputed by her title of, Senior Special Agent, Office of Professional Responsibility, Bureau of Land Management, Department of the Interior, violated the Plaintiffs constitutional rights, when after being denied federal prosecutions by at least two (2) federal prosecutors, in at least two (2) separate federal jurisdictions, she falsely asserted, she had the sole authority to pursue a criminal conviction of the Plaintiff, for felony credit card abuse, under the laws of the State of Texas.

Plaintiffs' constitutional rights were also violated when she affirmed under oath, in support of a state criminal indictment, certain statements and/or withheld and/or omitted certain exculpatory and/or impeachment evidence (i.e. "Brady Materials"). Plaintiffs' constitutional rights were also violated when she executed the above acts, through the use of email and telephonic correspondence pursuant to 18 U.S. Code § 1343 - Fraud by wire, radio, or television.

It is asserted herein, said Agent committed such acts, in her individual and personal capacity, acted under "color of any law", committed certain acts identified herein, without and/or beyond the bounds of her lawful authority, in purporting and/or pretending to act in the performance of her official duties, solely for the purposes of harassment, discrimination, and retaliation. Said certain

acts, therefore, were a violation of, Title 18, U.S.C., Section 242, "Deprivation of Rights Under Color of Law".

Plaintiff asserts in This Complaint that, the Defendant(s) identified herein shall, as a peremptory challenge, invoke the protection of qualified immunity. Qualified immunity is not a right bestowed upon these defendants by any law enacted by the United States Congress. Therefore, as in *Bivens* such right is only an implied right.  However, as this Complaint is not to serve as a forum for legal argument, the Plaintiff asserts he is entitled to bring this action, complete discovery, and if for no other purpose, than to present This Complaint, and the evidence he secures, in its entirety before this bar and a jury of his peers, and to bring forth the Defendant(s) identified herein, to answer the questions of their alleged misconduct.

That is, namely are the Defendants identified herein, personally and individually liable for their actions, and of whether Plaintiff has an implied cause of action, in which he, as a particular plaintiff and/or a member of a class of litigants that may, as a matter of law, appropriately invoke the power of the court, to address the question of relief, as a question of the various remedies the court may make available; the Plaintiff asserts he has a cause of action, even though it may be found he is entitled to no relief at all, as this Complaint shall assert, declaratory and/or injunctive relief, if this Complaint does not fulfill the preconditions for the equitable remedies requested herein.

Said declaratory and/or injunctive relief, shall be made to deter similar misconduct in the future and/or petition the Supreme Court to revisit *Bivens* in this context, and/or encourage Congress to enact legislation to further prevent its occurrence and free the judiciary rule according to enacted law.

Said Defendant may have also violated said constitutional rights, in conspiracy with one or more other unnamed defendants. However, as Plaintiff has not yet affirmed in specificity, the names, titles and contact information, of these certain unnamed defendants, he shall in the future, seek leave to amend, This Complaint, so as to name each appropriate defendant, individually, after the completion of additional discovery.

C. Assumption of Conspiracy to Commit Official Misconduct between "Other Federal Agents"

The Plaintiff also alleges herein, the conduct of a certain DOI-BLM Law Enforcement Officer, as a "Federal Officer or Agent", may have not been a sole or rouge actor, as her actions were potentially mutually agreed to and/or sanctioned by "Other Federal Agents" as law enforcement peers, and/or within her direct supervisory chain of command, and/or other certain "Federal Agents", acting in their capacity as "alter egos and/or proxies", of DOI-BLM, due their sufficiently high rank.

Said "Other Federal Agents", are potentially imputed with both personal and agency liability for their actions and/or their lack thereof. Agency liability shall be pursued in other venues available to the Plaintiff, such as the Federal Torts Claims Act (FTCA) and the Age Discrimination in Employment Act (ADEA). Individual liability cannot be pursued pursuant to other existing Federal law, therefore this Complaint is actionable under *Bivens*.

However, as he has not yet affirmed in specificity, the names, titles and contact information, of these certain unnamed defendants, he shall in the future, seek leave to amend, This Complaint, so as to name each appropriate defendant, individually, after the completion of additional discovery,

pursuant to 18 U.S.C. 371, "conspiracy to commit any other federal crime"; and 42 U.S. Code §
1985 (2) and (3), "conspiracy to interfere with Plaintiffs civil rights".

## C. Assumption of Conspiracy to Commit Official Misconduct between "Other State Agents"

The Plaintiff alleges herein, the conduct of a certain DOI-BLM Law Enforcement Officer, as a
"Federal Officer or Agent", may have not been a sole or rouge actor, as her actions were potentially
mutually agreed to and sanctioned by "Other State Agents" as peer law enforcement officer and/or
as "Officers of a Court of the State of Texas", acting in their official capacity. Said "Other State
Agents", are potentially imputed with both personal and agency liability for their actions and/or
their lack thereof. Agency liability shall be pursued in other venues available to the Plaintiff, as he
has not yet affirmed in specificity, the names, titles and contact information, of these certain
unnamed defendants, he shall in the future, seek leave to enjoin, This Complaint, with a separate
complaint filed pursuant to 42 U.S.C. Section 1983, "Civil action for deprivation of rights", so as
to name each appropriate defendant, after the completion of additional discovery and resolve this
litigation before one Federal bar.

## D. Specific Assertions of Official Misconduct of a Federal "Agent"

Plaintiff asserts, Angela K. Stevens, acting in her official capacity and/or purporting to act in that
capacity, as a Federal Employee, in violating 18 U.S.C., § 242, committed multiple violations of
her federal oaths, committed perjury; and withheld exculpatory "Brady Materials"; and executed
deceit, by omission of pertinent information; executed criminal coercion, pursuant to 25 CFR §
11.406(a)(2) and (3) and if not the sole executing party, was a party to executing a civil conspiracy,
amongst certain unnamed John and/or Jane Doe's inclusive of, but not limited to, pursuant to 18

U.S.C. 371, she committed conspiracy to commit any other federal crime; and 42 U.S. Code § 1985 (2) and (3) , she committed conspiracy to interfere with Plaintiffs civil rights.

Thus, in This Complaint, Plaintiff asserts the misconduct averred to herein, was in violation of multiple Federal Statutes, Laws, Rules, Regulations, Policies and Procedures, which individually, as "Federal Laws", were collectively violated in support of efforts to violate Plaintiffs constitutional rights. Said misconduct was inclusive of, but not limited to failure to abide by and/or inform certain state agents of the following:

The United States Constitution, Amendments I, IV, V, VI and XIV; 18 U.S. Code § 1621, 18 U.S.C., § 242, 18 U.S.C. 371, 5 U.S. Code § 3331, 42 U.S. Code § 1985 (2) and (3), 25 CFR § 11.406(a)(2) and (3), Public Law 105-264; United States Code (U.S.C.), 5 U.S.C. § 2951, 5 U.S.C. § 5701 - § 5709, 15 U.S.C. § 1644, 18 U.S.C. § 641, 18 U.S.C. § 3500 and 31 U.S.C.; United States Code of Federal Regulations (C.F.R.), 5 C.F.R § 9.2, 5 CFR 315.501, 41 C.F.R. Chapters 300 – 305; Civil Service Rule IX; USDOI 347 DM 1, USDOI-DM 446, Chapter 2, §2.6 (E) and;

 A) Violated 5 U.S. Code § 3331 - Oath of office, in failing to support the Constitution of the United States; and

 B) Pursuant to 18 U.S. Code § 1621, committed Perjury Generally; and

 C) Violated her oath as a sworn Dept. of the Interior Law Enforcement Officer (LEO), pursuant to the Departmental, *LAW ENFORCEMENT CODE OF CONDUCT* provision 2. As found in DOI-DM 446, Chapter 2, which states "*In my personal and official activities, I will never knowingly violate any local, State or Federal laws or regulations, recognizing that I hold a unique position of traditional high public trust which carries an inherent personal commitment to uphold laws*

*and the integrity of my profession. For these reasons, I understand that this code*

*places special demands on me to preserve the confidence of the public, my peers,*

*my supervisors, and society in general.*" (Emphasis added); and

D) and therefore violated at least one (1) provision of Departmental ethical conduct

required of departmental Law Enforcement Officers (LEOs'), namely DOI-DM

446, Chapter 2, §2.6 (E) when she: "*Willfully, knowingly, and/or negligently*

*making an untruthful statement of any kind in any oral or written report pertaining*

*to their official duties or making any untruthful statement before any court or to*

*any authorized government official.*" (Emphasis added).


The Plaintiff, as he has not yet affirmed in specificity, each specific violation of applicable Federal

Statutes, Laws, Rules, Regulations, Policies and Procedures, applicable to this instant complaint,

the names, he shall in the future, seek leave to amend, This Complaint, to name each appropriate

violation, after the completion of additional discovery.


E. Specific Assertions of Constitutional Official Misconduct of a Federal "Agent"

The Plaintiff asserts, the Defendants' identified herein, in executing certain acts, violated the

Plaintiffs' constitutional rights pursuant to his entitlement to exercise "*freedom of speech and*

*expression*" and "*right to petition in the United States*", pursuant to his First Amendment rights;

and in violation of his right that "no Warrants shall issue, but upon probable cause, supported by

Oath or affirmation, and particularly describing the [ ] persons [ ] to be seized", pursuant to his

Fourth Amendment rights; and pursuant to his Fifth Amendment and Fourteenth Amendment

rights, the Plaintiff was denied "due process of law"; and pursuant to his Sixth Amendment rights,

the Plaintiff was denied his right to "confront his accuser"; and pursuant to Plaintiffs Fourteenth

Amendment rights under the Equal Protection Clause, namely the defendants' violated his right to be free from harassment, discrimination and retaliation.

## II. Conclusion

Thus, in conclusion, Plaintiff presents, This Complaint before this bar, pursuant to one or more violations of federal law inclusive of, but not limited to, 18 U.S. Code § 242 - Deprivation of rights under color of law, which states:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Plaintiff, re-alleges his assertions as presented herein all things, as if fully restated herein and:

A) As a citizen of the United States, Plaintiff is protected against the misconduct asserted herein without cause or justification as guaranteed by Amendments to the United States Constitution, as also asserted to herein; and

B) As more fully described in the preceding paragraphs, the intentional conduct of Defendant(s) was objectively unreasonable and constituted multiple violations of Amendments to the United States Constitution; and

C) The misconduct described above was undertaken with malice, inclusive of malice of forethought, deliberate willfulness, and reckless indifference to the rights of the Plaintiff; and

D) As a direct and proximate result of the Defendant(s) misconduct, Plaintiff is entitled to certain damages; and

E) Plaintiff has suffered and shall continue to suffer, significant and permanent economic harm, as a result of the hereinafter described actions of the Defendant(s), which will be proven at trial, resulting in certain economic harms, which as damages, can be reasonably be calculated based certain calculations inclusive of, but not limited to: his loss of income and benefits, loss of passive income from depletion of his retirement funds, past and future medical expenses; and

F) Plaintiff has suffered and shall continue to suffer, significant emotional and physical distress and damage, resulting in, permanent physiological and psychological injuries as a result of the hereinafter described actions of the Defendant(s); which will be proven at trial, resulting in significant and permanent economic harm, resulting in certain economic harms, which as damages, cannot be reasonably be calculated directly and is therefore entitled to certain non-economic compensation inclusive of but not limited to, his Pain and Suffering, Damage to his Reputation, his Emotional Anguish and Humiliation, The worsening of any prior existing

conditions, The loss of enjoyment of activities, The loss of enjoyment of personal relationships; and

G) Plaintiff is entitled an additional substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable; and

E) As a direct and proximate result of the Defendant(s) misconduct, Plaintiff asserts he has a cause of action, even though it may be found he is entitled to no relief at all, as this Complaint shall assert and prove at trial, his entitlement to declaratory and/or injunctive relief, if this Complaint does not fulfill the preconditions for the equitable remedies requested herein.

**WHEREFORE**, Plaintiff, Lawrence Houston Hobbs, prays for judgment against Defendant, **Angela K. Stevens**, a federal law enforcement officer, in a fair and just amount sufficient to compensate PLAINTIFF for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief, as declaratory and/or injunctive relief, as is just and equitable; and

**PLAINTIFF demands a trial by jury pursuant to** <u>Federal Rule of Civil Procedure 38(b)</u> **on all issues so triable.**

"/s/" *Lawrence H. Hobbs* signed electronically

Plaintiff, *Pro Se,* Lawrence Houston Hobbs
P.O. Box 1880
1300 FM 2673
Canyon Lake, TX
78133-9998
PH: 830-313-3591
EMAIL: Bolsadogmphx@gmail.com

FILED

APR 01 2022

DR22CV0016

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

**Attachment 11 - Certificate of Service**

## CERTIFICATE OF SERVICE

I, Lawrence Houston Hobbs, Plaintiff pro se, do here by certify that on the 1st Day of April, 2022,

a true and correct copy of the foregoing pleading(s), namely, Notice of Filing a Civil Complaint, A

copy of said Complaint, and a request for waiver of service, was forwarded to either the

Defendant proper and/or the attorney for Defendant, by either, Email, and/or U.S. Mail Delivery,

Certified Mail, at the following address:

*Angela K. Stevens, Senior Special Agent, US Dept. Interior, (BLM-OLES-OPR)*
One Central Ave Suite 800
City of Phoenix, County of Maricopa, Arizona 85004-4427
(602)417-9316-office/(602)721-4425-cellular
akstevens@blm.gov

U.S. Department of the Interior,
Office of the Solicitor, Immediate Office of the Solicitor,
Attn: Robert Anderson, 1849 C Street, NW
Washington, DC 20240,
Phone: 202-208-4423; and

U.S. Department of the Interior,
Office of the Solicitor,
Deputy Solicitor, General Law,
Attn: Ruchi Jain, 1849 C Street, NW,
Washington, DC 20240,
Phone: 202-208-4423; and

United States Department of the Interior,
Office of the Solicitor, Phoenix Field Office
401 W Washington St, Phoenix, AZ 85003
(602) 364-7880

Dated: 04/01/2022

"s/s" Lawrence H Hobbs signed electronically

Signature of Plaintiff